HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASHLEY E. GARDNER,

    Plaintiff,

    v.

JENNIE CLARK and JOHN DOE CLARK, individually and the marital community comprised thereof; CLARK LAW AND ASSOCIATES, LLC, *et al.*,

    Defendants.

Case No. C22-1589-RAJ

**ORDER**

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Summary Judgment and Defendants' Motion to Disqualify and Exclude Plaintiff's Expert Deirdre Bowen. Dkt. ## 24, 28. For the reasons below, the Court **DENIES** both motions.

## II. BACKGROUND

This is a legal malpractice action initially filed in King County Superior Court on August 12, 2022 by Plaintiff Ashley E. Gardner ("Gardner") against her former attorney, Jennie Clark and the law firm Clark Law and Associates, LLC (collectively "Defendants" or "Clark"), arising out of Clark's representation of Gardner in an underlying case of marital assault/battery and negligence. Dkt. # 1-2, Compl., ¶¶3.1- 3.8.

At the time this motion was filed, there was roughly six months left before the discovery window closed and four months before the deadline to disclose expert reports.

ORDER – 1

Dkt. # 20. The Court has since entered an order extending the case deadlines. Dkt. # 39. Defendants moved for summary judgment based on the lack of expert testimony regarding the applicable duty of care for legal malpractice and the lack of damages. *See* Dkt. # 24. Additionally, upon receiving a declaration of an expert witness in response to their Motion, Defendants then moved to disqualify Plaintiff's expert. Dkt. # 28.

### III.  DISCUSSION

A motion for summary judgment, unless ordered otherwise, may be filed at any time until 30 days after the close of all discovery. Fed. R. Civ. P. 56(b). But "[m]otions for summary judgment are frequently considered premature and denied when discovery has not been completed...." *E.g.*, *Aliff v. Vervent Inc.*, No. 20-cv-697, 2022 WL 3588322, at *4 (S.D. Cal. Aug. 22, 2022); *see also Sowa v. Ring & Pinion Serv. Inc.*, No. 2:21-cv-00459, 2021 WL 6334930, *2 (W.D. Wash. Sept. 9, 2021) ("Generally, summary judgment is inappropriate before the parties have had an opportunity for discovery."), *report and recommendation adopted*, 2022 WL 73879 (W.D. Wash. Jan. 7, 2022). An opposing party ordinarily responds to a premature summary judgment motion by moving under FRCP 56(d) and showing "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," at which point the Court may defer or deny the motion for summary judgment, allow time for discovery, or take any other appropriate action. *See* Fed. R. Civ. P. 56(d). Indeed, the Ninth Circuit has instructed that, when a summary judgment motion is filed "early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any [FRCP 56(d)] motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003).

Discovery in this matter is not yet complete and Gardner has retained an expert witness to opine on the exact type of evidence that the Defendant claims requires dismissal of the claim. Dkt. # 27. Furthermore, Defendant's motion that Plaintiff's expert

ORDER – 2

lacks a reliable basis for knowledge and experience in legal ethics or in prosecuting civil assault and battery/negligence cases is likewise premature, and at the very least disputed. *See* Dkt. # 27; Dkt. # 27-2. Based on the interests of justice, the relevant facts and case law, the supportive declaration and report from a qualified expert and Fed. R. Civ. P. 56(d), the Court **DENIES** Defendants' Motion for Summary Judgment and **DENIES** Defendants' Motion to Disqualify and Exclude Plaintiff's Expert Deirdre Bowen without prejudice.

It is also apparent that there is a level of gamesmanship in how Defendants' counsel is litigating this case. Gardner notes that Defendants failed to meet and confer regarding their motion to disqualify, and then filed the motion without deposing the expert or requesting relevant information via the discovery process. Dkt. # 33 at 8. Defendants respond that they were unaware of the Court's meet and refer requirements, and that nonetheless the motion to disqualify has merit. *See* Dkt. # 36 at 4-5. While the Court will not issue sanctions at this time, the Court warns both parties that disregard for the Court's rules and abuse of the litigation process will not be tolerated going forward.

### IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendants' motions. Dkt. ## 24, 28.

DATED this 25th day of January, 2024.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3